UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ANTON,

    Petitioner,

vs.                                                 Case No. 8:08-cv-1798-T-33TBM

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner Robert Anton's 28 U.S.C. § 2254 petition for writ of habeas corpus. Anton challenges his convictions and sentences for aggravated assault and attempted robbery with a firearm entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, in case no. 95-3156CFAES. A review of the record demonstrates that, for the following reasons, the petition must be denied.

**BACKGROUND**

On May 7, 1996, a jury found Anton guilty as charged of aggravated assault, a third-degree felony, and attempted robbery with a firearm, a first-degree felony. The state trial court sentenced Anton to thirty years incarceration as a habitual felony offender. On July 17, 1996, Anton filed a motion for new trial. After a hearing on August 21, 1996, the state trial court granted Anton's motion for a new trial. (See Resp. Comp. Ex.11)[1]

---

[1] Respondent's Composite Exhibit 1 contains the record on appeal in Case No. 2D06-03373.

**1. The State's Direct Appeal and Anton's Cross Appeal:**

The State appealed the state trial court's order granting Anton a new trial, and Anton cross-appealed. The State raised the following issues on direct appeal:

DEFENDANT'S UNTIMELY MOTION FOR NEW TRIAL DIVESTED TRIAL COURT OF JURISDICTION TO CONSIDER AND GRANT RELIEF.

TRIAL COURT ERRED BY FINDING ALLEGED COMMENT ON RIGHT TO REMAIN SILENT REQUIRED NEW TRIAL: RECORD SHOWS DEFENDANT DID NOT EXERCISE RIGHT AND FAILED TO OBJECT.

On October 1, 1997, the state district court of appeal reversed the state trial court's order granting Anton a new trial; affirmed Anton's convictions and sentences; but remanded with directions for the lower court to correct the judgment and sentence, "to reflect that attempted robbery with a firearm is a second-degree felony." *State v. Anton*, 700 So. 2d 743 (Fla. 2d DCA 1997). (Resp. Ex. 5).

**2. Motion for Post-Conviction Relief**

On May 25, 2004, Anton, through private counsel, filed a "Motion To Comply with Mandate and Correct the Judgement and Sentence." On June 16, 2004, the state trial court amended the judgment correcting count two to reflect that the attempted robbery with a firearm charge is a second-degree, not a first-degree felony. (Resp. Ex. 1 R 532-548, 611). On December 1, 2004, Anton filed a Rule 3.850 motion for post-conviction relief, raising seven grounds:

GROUND ONE

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A TIMELY MOTION FOR A NEW TRIAL.

### GROUND TWO

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO DEPUTY MOE'S COMMENT ON ANTON'S RIGHT TO REMAIN SILENT.

### GROUND THREE

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT MOVING TO SUPPRESS ANY STATEMENTS MADE BY ANTON AFTER HIS UNEQUIVOCAL INVOCATION OF HIS RIGHT TO REMAIN SILENT.

### GROUND FOUR

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND FOR FAILING TO CALL WITNESSES OR PROPERLY CROSS-EXAMINE THE STATE'S WITNESSES.

### GROUND FIVE

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MEET WITH ANTON BEFORE TRIAL AND TO PREPARE HIM FOR TESTIFYING.

### GROUND SIX

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO INADMISSIBLE OPINION TESTIMONY.

### GROUND SEVEN

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO DEPUTY MOE'S HEARSAY TESTIMONY REGARDING OUT OF COURT STATEMENTS MADE TO HIM BY PINSON AND CAMPBELL.

(Resp. Ex. 1, R 814-825)

The State argued that Anton's Rule 3.850 motion was untimely and that Anton should not be permitted to benefit from the parties' failure to correct a scrivener's error by waiting seven years to challenge his conviction in a Rule 3.850 motion. (Resp. Ex. 1, R 558 - 563).

On April 13, 2006, the state trial court held an evidentiary hearing. (Resp. Comp. Ex. 1, R 662-813). On August 1, 2006, the state trial court denied Anton's Rule 3.850 postconviction motion. (Resp. Ex. 1, R 616-656). Anton appealed the denial of postconviction relief, raising the following issues and sub-issues:

ISSUE ONE: POST-CONVICTION COURT EMPLOYED THE WRONG LEGAL STANDARD IN CONCLUDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO FILE A TIMELY MOTION FOR NEW TRIAL:

    A. The postconviction court employed an inappropriate outcome determinative standard and compounded that error by requiring a show of success at a new or second trial.

    B. The failure to timely file a motion for new trial constitutes deficient performance.

    C. Anton was prejudiced by the failure to file a timely motion for new trial because but for that dereliction he actually would have had a new trial.

ISSUE TWO: THE POSTCONVICTION COURT ERRED IN DENYING GROUNDS I AND II OF THE 3.850 MOTION BECAUSE TRIAL COUNSEL'S FAILURE TO OBJECT TO THE COMMENT ON THE RIGHT TO REMAIN SILENT OR MOVE TO SUPPRESS THAT COMMENT ACTUALLY WAS CONTRARY TO COUNSEL'S ALLEGED THEORY OF DEFENSE.

ISSUE THREE: THE POSTCONVICTION COURT ERRED WHEN IT FAILED TO CONSIDER THE CUMULATIVE EFFECT TRIAL COUNSEL'S DEFICIENT PERFORMANCE HAD ON THE OUTCOME OF THE FIRST TRIAL AND HOW COMPETENT PERFORMANCE COULD HAVE ALTERED THE RESULT OF A SECOND TRIAL.

On January 18, 2008, the state district court of appeal affirmed the state trial court's denial of postconviction relief in an order that reads:

    Robert Anton appeals the postconviction court's order that denied his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. In his motion, Mr. Anton raised seven claims of ineffective assistance of counsel. Because Mr. Anton did not file his motion

- 4 -

within the two-year period allowed under rule 3.850, we affirm the order denying the motion.

Background

In July 1996, the trial court sentenced Mr. Anton as a habitual offender to ten years in prison for aggravated assault and thirty years in prison for attempted robbery with a firearm, including a three-year mandatory minimum for use of a firearm. This court affirmed Mr. Anton's judgments and sentences on direct appeal in State v. Anton, 700 So. 2d 743, 750 (Fla. 2d DCA 1997) (reversing an order granting a new trial). However, we agreed with Mr. Anton that the trial court had improperly reclassified his conviction for attempted robbery with a firearm to a first-degree felony "[b]ecause the carrying of a firearm was an essential element of the charged offense." Id. at 749 (citing Williams v. State, 590 So. 2d 526 (Fla. 2d DCA 1991)). This error did not affect Mr. Anton's sentence for the attempted robbery offense because the sentence imposed was within the permitted range for a second-degree felony under the habitual offender statute. Id. at 749-50. Thus we specifically directed the trial court "on remand to correct the judgment and sentence to reflect that attempted robbery with a firearm is a second-degree felony." Id. at 750. This court's mandate in Mr. Anton's direct appeal issued on November 17, 1997.

For reasons unexplained in our record, the trial court did not act promptly to correct Mr. Anton's judgment and sentence for attempted robbery with a firearm in accordance with the explicit direction of our mandate. On May 25, 2004, more than six years after our mandate issued, Mr. Anton filed a motion referencing our mandate and requesting the entry of a corrected judgment and sentence reflecting that attempted robbery with a firearm is a second-degree felony. The trial court responded to the motion by entering the requisite amended judgment on June 16, 2004.

The Postconviction Motion and the State's Response

On December 1, 2004, Mr. Anton filed his motion for postconviction relief. The State responded that the motion was untimely because the two-year period for filing the motion began to run On the date our mandate issued—i.e., on November 17, 1997— and expired on November 16, 1999. In support of its response, the State characterized this court's directions on remand as calling for "a correction of a scrivener's error, changing the notation of one of the crimes from first degree to second degree" while the judgment and sentence "remained final and intact." Mr. Anton replied that his judgment and sentence did not become final until the reclassification of the attempted

robbery offense occurred because "direct review proceedings are not technically finished until the lower court acts on the mandate."

### The Postconviction Court's Ruling

The postconviction court rejected the State's argument that Mr. Anton's motion for postconviction relief was untimely filed. Instead, the postconviction court ruled that the two-year period for filing the motion did not begin to run until the entry of the amended final judgment on June 16, 2004. Concluding that the motion was timely filed, the postconviction court conducted an evidentiary hearing on Mr. Anton's claims of ineffective assistance of counsel. After the evidentiary hearing, the postconviction court entered an order denying Mr. Anton's motion on the merits of his claims. This appeal followed.

### Discussion

We disagree with the State's characterization of our earlier direction to the trial court in Mr. Anton's direct appeal as the correction of a "scrivener's error." However, we agree with the State's contention that Mr. Anton's judgments and sentences became final upon the issuance of our mandate. With exceptions not material here, Florida Rule of Criminal Procedure 3.850 provides in pertinent part:

> (b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed . . . .

For purposes of rule 3.850, "the judgment and sentence 'become final'... when any [ ] direct review proceedings have [been] concluded and jurisdiction to entertain a motion [under the rule] returns to the sentencing court." Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987).

Mr. Anton argues that his judgments and sentences did not become final on the date our mandate issued because "direct review proceedings are not technically finished until the lower court acts on the mandate." He contends that "[w]hen the appellate court remands to the trial court with directions to correct the judgment, the trial court does not have jurisdiction to entertain a 3.850 motion until the judgment is corrected." However, Mr. Anton does not cite any direct authority for his position, and we find it to be

unpersuasive. Under Mr. Anton's theory, it is the trial court's action—i.e., entering the corrected judgment—that transfers jurisdiction to itself. Stated another way, Mr. Anton contends that the trial court had no jurisdiction over his case until it entered the amended judgment. Upon the entry of the amended judgment, jurisdiction returned to the trial court. But this argument is illogical. Under Mr. Anton's theory, the trial court had no jurisdiction to correct the judgment in the first place.

Under Florida law, it is appellate court action—i.e., the issuance of the mandate—that returns jurisdiction to the trial court. Speaking of cases pending before it, the Supreme Court of Florida explained this process:

> If no writ of certiorari is filed with the United States Supreme Court, as in the case at bar, the judgment and sentence become final when direct review proceedings are completed and jurisdiction to entertain the motion for postconviction relief returns to the trial court. Until this Court issues its mandate, the trial court has no jurisdiction to consider a motion to vacate filed pursuant to Rule 3.850. Therefore, in cases where no writ of certiorari is filed with the United States Supreme Court, the two-year period for filing a motion pursuant to rule 3.850 commences when this Court issues mandate.

Huff v. State. 569 So. 2d 1247, 1250 (Fla. 1990) (citing Scull v. State. 569 So. 2d 1251 (Fla. 1990)). Mr. Anton would have us regard the trial court's action in correcting the judgment as an extension of the "direct review proceedings." This suggestion is ill-founded because the trial court does not participate in the "review" of its own decisions. On the contrary, "[t]he appellate process is completed on the date the mandate is issued." McCuiston v. State. 507 So. 2d 1185, 1186 (Fla. 2d DCA 1987) (citing Thibodeau v. Sarasota Mem'l Hosp., 449 So. 2d 297, 298 (Fla. 1st DCA 1984)); see also Beaty v. State. 701 So. 2d 856, 857 (Fla. 1997) ("[T]he district court of appeal's opinion became final when no petition for rehearing was filed within fifteen days, and the two-year period for filing a motion for postconviction relief began to run upon the issuance of that court's mandate."). For this reason, unrelated collateral proceedings— even those that result in resentencing—do not toll the two-year period that begins when the mandate issues and the direct review proceedings conclude. See Marrero v. State. 967 So. 2d 934, 936-37 (Fla. 2d DCA 2007) (holding that jurisdiction to entertain the defendant's motion for postconviction relief returned to the trial court when the defendant's direct appeal was concluded and that the time for filing such a motion was not tolled by the defendant's filing of a successful petition alleging the ineffective assistance of

appellate counsel that resulted in resentencing on one of the defendant's convictions).

We note that Mr. Anton has not claimed that the trial court's delay in correcting the judgment for attempted robbery misled him into believing that his judgments and sentences were not final or that the delay otherwise unfairly prejudiced him. In addition, Mr. Anton has not asserted that his claims fall within any of the three exceptions to the two-year time limitation established in rule 3.850(b). Our review of the record reveals that the facts on which all of Mr. Anton's claims are based were either known to him or should have been known to him by the exercise of reasonable diligence during the two-year period that began with the issuance of this court's mandate.

Conclusion

For these reasons, the postconviction court erred in concluding that Mr. Anton's motion was timely filed. However, the postconviction court denied the motion on the merits. Because the motion was untimely, we need not consider the merits of Mr. Anton's claims of ineffective assistance of counsel. Therefore, we affirm the postconviction court's denial of the motion.

(Resp. Ex. 10, *Anton v. State, 976 So. 2d at 7-8*)

Anton sought rehearing en banc, which was denied March 17, 2008. (Resp. Exs. 11 and 12). The mandate issued April 2, 2008. (Resp. Ex. 13). Anton then sought discretionary review in the Florida Supreme Court based on conflict jurisdiction, but the Florida Supreme Court declined to accept jurisdiction. (*See* Case No. SC08-723; Resp. Comp. Ex. 14 and 15).

Anton signed his 28 U.S.C. § 2254 petition on September 8, 2008. For the reasons set out below, the petition is untimely.

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act (the "AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. §

2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The state district court of appeal affirmed Anton's direct appeal October 1, 1997. His conviction became "final" on December 30, 1997, when the ninety-day period to seek certiorari from the United States Supreme Court expired. *See* United States Supreme Court Rule 13.1; *Nix v. Sec. Dep't of Corr.*, 393 F.3d 1235 (11th Cir. 2004) (Supreme Court Rule 13.1 provides that a petition for a writ of *certiorari* is timely when filed within ninety days after entry of judgment or denial of discretionary review by the state court of last resort). For purposes of 28 U.S.C. § 2244(d), Anton's state judgment of conviction became final on December 30, 1997, and Anton had one year from that date, or until December 31, 1998, to file his 28 U.S.C. § 2254 petition for writ of habeas corpus. Anton's Rule 3.850 motion for postconviction relief, filed June 16, 2004, did not toll the running of the one-year limitation period because that one-year period expired on December 31, 1998. Thus, the instant 28 U.S.C. § 2254 petition, signed September 8, 2008, is untimely.

Anton asserts that the state trial court's 2004 ministerial, yet untimely correction of the judgment, more than six years after his conviction, breathed new life into his otherwise time-barred claims.[2] This argument is not persuasive.

The state trial court's amended judgment conformed the single page on the original judgment, as directed by the district court of appeal. The correction to Anton's judgment was a ministerial act to reflect the proper degree of the offense of which he was convicted. The correction ordered by the state district court of appeal did not require or allow a change in Anton's sentence. The correction did not trigger a new direct appeal.

The correction in Anton's case did not constitute a "re-sentencing" judgment that was subject to further direct review. Anton is in custody on the judgment of conviction and the sentence that became final on December 30, 1997. When Anton filed his Rule 3.850 motion in 2004, the AEDPA's limitation period had expired. A Rule 3.850 motion, filed after the expiration of the AEDPA limitation period, does not toll the one-year period because there is no time period remaining to be tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitation period was reinitiated upon filing of timely Rule 3.850 motion outside limitations period).

---

[2] In *Pierre v. State*, 978 So.2d 280 (Fla. 4th DCA 2008), the state district court of appeal remanded the case to the state trial court to correct a scrivener's error in the judgment. The judgment incorrectly indicated that Pierre was convicted of a first degree felony, robbery with a firearm, rather than attempted robbery with a firearm, a second degree felony. The *Pierre* Court stated, "As the judgment sheet is incorrect, the trial court erred in denying Pierre's 3.800(b) motion. We remand the case to the trial court to correct the scrivener's error on the judgment sheet. *See Tedesco v. State*, 893 So.2d 660 (Fla. 4th DCA 2005). Appellant need not be present for entry of the corrected judgment."

## EQUITABLE TOLLING

The Supreme Court has never squarely addressed the question of whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 417 (2005),(because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).

Anton has not alleged any extraordinary circumstances beyond his control that would have made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Here, the Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Anton's case is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition.

The state district court of appeal, in rejecting Anton's assertion that his 2004 Rule 3.850 motion was timely filed stated: "Our review of the record reveals that the facts on which all of Mr. Anton's claims are based were either known to him or should have been

known to him by the exercise of reasonable diligence during the two-year period that began with the issuance of this court's mandate."[3] *See Anton*, 976 So. 2d at 8. Anton unreasonably delayed filing his Rule 3.850 motion, and he does not present a sufficient basis upon which to conclude that he was diligent in pursuing his claims and seeking habeas corpus relief in a timely manner.

For the first time, in any of his proceedings, Anton alleges that the failure to timely challenge the corrected judgment and sentence, as well as to timely seek postconviction relief was through no fault of his own. Without any supporting documentation or authorities, Anton alleges he was removed from the custody of the Pasco County Jail to the Alabama Department of Corrections in February 1997, as he awaited his new trial. According to Anton, at the time of his transfer to the Alabama Department of Corrections, Pasco jail officials told him his Florida charges had been dismissed. (See Petition at pp. 38-39). Anton knew, however, that the State had filed a notice to appeal the state trial court's ruling granting Anton a new trial. Moreover, at this time, Anton was represented by private counsel, who filed a brief in this consolidated appeal on or about February 24, 1997.

Nothing in the record, or in any of Anton's filings demonstrates that he could not have filed his 28 U.S.C. § 2254 petition on or before December 31, 1998.

Accordingly, the Court orders:

---

[3] While Anton had two years to file a Rule 3.850 motion, he had only one year from the date his conviction was final on direct review to file a timely federal 28 U.S.C. § 2254 petition, unless a pending state collateral motion tolled the one-year period.

That Anton's petition is denied, as time-barred. The Clerk is directed to enter judgment against Anton and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 4, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Robert Lee Anton

- 13 -